UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| GORDON CAMPBELL, | Case No. 11 CV 2082 |
| Plaintiff, | (ERK) (RER) |
| -against- | **AMENDED COMPLAINT** |
| | JURY DEMAND |
| THE CITY OF NEW YORK, P.O. FERNANDO GUERRERO [SHIELD # 25670], SERGEANT JOSEPH LAYNE [SHIELD # 3455], DETECTIVE MADELYN DOBLES [SHIELD # 3004], DETECTIVE FLORIN KUKA [SHIELD # 6529] and DETECTIVE JAMES WILLIAMS [SHIELD # 6664], | |
| Defendants. | |

-------------------------------------------------------------X

Plaintiff, GORDON CAMPBELL, by his attorney, The Law Offices of UGO UZOH,

P.C., complaining of the defendants herein, The City of New York, P.O. Fernando

Guerrero [Shield # 25670], Sergeant  Joseph Layne [Shield # 3455], Detective Madelyn

Dobles [Shield # 3004], Detective Florin Kuka [Shield # 6529] and Detective James

Williams [Shield # 6664], (collectively, "defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to the

plaintiff under color of statute, ordinance, regulation, custom, and/or to

redress the deprivation of rights, privileges, and immunities secured to the

plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the

Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985],

[and arising under the law and statutes of the City and State of New York].

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28

U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the

Fourth, Fifth, Sixth and Fourteenth Amendments to the United States

Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

THE PARTIES

4.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5.      At all relevant times, defendants P.O. Fernando Guerrero [Shield # 25670], Sergeant  Joseph Layne [Shield # 3455], Detective Madelyn Dobles [Shield # 3004], Detective Florin Kuka [Shield # 6529] and Detective James Williams [Shield # 6664], (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6.      At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7.      At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8.      Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about October 8, 2010, at approximately 6:00 p.m., as plaintiff and his friend were returning home, defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of East 100th Street,

Brooklyn, New York, at its intersection with Seaview Avenue, Brooklyn, New York.

10.    Prior to the arrest, defendant officers pulled over plaintiff and his friend without cause or reason, and proceeded to perform an illegal search of the plaintiff.

11.    Defendant officers forcefully grabbed the plaintiff and assaulted plaintiff, causing plaintiff to sustain serious injuries on various parts of his body including but not limited to injuries to his head, back, shoulder, arms and legs.

12.    Although plaintiff promptly requested medical treatment for his injuries, defendant officers ignored plaintiff's request and did not provide plaintiff with any medical care or treatment until on or about October 10, 2010.

13.    After falsely arresting plaintiff, defendant officers transported plaintiff to the NYPD-69th Precinct.

14.    Even though plaintiff repeatedly inquired as to the reason for his arrest, defendant officers ignored plaintiff's inquiries.

15.    Eventually, plaintiff was transported to the Central Booking to await arraignment.

16.    Defendant officers subsequently met with prosecutors employed by the Kings County District Attorney's Office.

17.    During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of marihuana.

18.    Based on the false testimony of defendant officers, a prosecution was commenced against plaintiff.

19.    Eventually, the false charges levied against plaintiff were summarily dismissed.

20.    As a result of the aforesaid action by defendant officers, plaintiff suffered emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

21.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20 inclusive, with the same force and effect as though more fully set forth at length herein.

22.     The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, illegal and unreasonable search and seizure, fabrication of evidence, violation of right to a fair trial, violation of due process rights and malicious prosecution.

23.     The defendants denied plaintiff treatment needed to remedy his serious medical condition and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

24.     Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

25.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

26.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 25 of this complaint as though fully set forth herein.

27.     Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exits for such arrest.

28.     Additionally, defendant City of New York, acting through Charles J. Hynes and the Office of the District Attorney of the County of Kings, had actual

and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, initiating criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

29.      Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009). *See also* the following cases filed in the United States District Court, Eastern District of New York: *Diane Dawson v. City of New York* (10 CV 5768); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

30.      That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

31.      That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers, Assistant District Attorneys and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

32.    The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious and selective prosecution, abuse of process and the right to due process.

33.    By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33 inclusive, with the same force and effect as though more fully set forth at length herein.

35.    In an effort to find fault to use against the plaintiff, who is black, defendant officers conspired among themselves, and conspired with other individuals to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of his race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

36.    In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of 42 U.S.C. § 1985.

37.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12

38.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

40.     In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

41.     Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

42.     Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

43.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this complaint as though fully set forth herein.

44.     The conduct of defendant officers, as described herein, amounted to assault and battery.

45.     By reason of and as a consequence of the assault, plaintiff was caused to sustain serious, severe, permanent and protracted injuries, so that plaintiff

became sick, sore, lame and disabled, required, and still requires, medical attention and treatment, suffered injuries to his head, body and limbs, suffered internal and external injuries, some of which would be permanent, and plaintiff became disabled and is still partially restricted in his normal activities.

46.    By reason of the foregoing, plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff has suffered and will necessarily suffer additional loss of time and earnings from employment; and plaintiff, will be unable to pursue his usual duties with the same degree and efficiency as he was able to prior to the assault described herein.

47.    Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for violence and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

48.    That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SIXTH CAUSE OF ACTION: INTENTIONAL & NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49.    By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.    The defendants engaged in extreme and outrageous conduct, intentionally, negligently and recklessly causing severe emotional distress to plaintiff.

51.    Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the assault, detention and imprisonment by defendants.

52.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 52 inclusive, with the same force and effect as though more fully set forth at length herein.

54.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

55.     Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

56.     Upon information and belief, defendant City of New York knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

57.     Upon information and belief, defendant City of New York's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.     For compensatory damages against all defendants in an amount to be proven at trial;

    b.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.     For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a

trial by jury.

Dated: Brooklyn, New York
      September 26, 2011

                           UGO UZOH, P.C.

                                 /s/

                            _____
          By:    Ugochukwu Uzoh (UU-9076)
                 Attorney for the Plaintiff
                 304 Livingston Street, Suite 2R
                 Brooklyn, NY 11217
                 (718) 874-6045

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

GORDON CAMPBELL,

                                        Plaintiff,


                against


THE CITY OF NEW YORK, P.O. FERNANDO GUERRERO [SHIELD # 25670],
SERGEANT JOSEPH LAYNE [SHIELD # 3455], DETECTIVE MADELYN DOBLES
[SHIELD # 3004], DETECTIVE FLORIN KUKA [SHIELD # 6529] and DETECTIVE
JAMES WILLIAMS [SHIELD # 6664],

                                        Defendants.

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:


Defendant(s)/Attorney(s) For Defendant(s).

---

        Service of a copy of the within is hereby admitted


                Dated:_____


                Attorney(s) For:_____

---